

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2009

# Amer Intl Ins v. Lampe Gmbh

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Amer Intl Ins v. Lampe Gmbh" (2009). *2009 Decisions.* Paper 2057.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2057

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-4052

AMERICAN INTERNATIONAL INSURANCE
COMPANY OF PUERTO RICO

v.

LAMPE GMBH; ZUMRO INC.

American International Insurance
Company of Puerto Rico,
Appellant

On Appeal From the United States
District Court
For the District of the Virgin Islands
(D.C. Civil Action No. 03-cv-00069)
District Judge:  Hon. Raymond L. Finch

Argued December 8, 2008

BEFORE:  FISHER, JORDAN and
STAPLETON, *Circuit Judges*

(Opinion Filed January 12, 2009)

Andrew C. Simpson (Argued)
5025 Anchor Way, Gallows Way - Suite One
Christiansted
St. Croix, USVI 00820
  Attorney for Appellant

Bruce P. Bennett (Argued)
Hunter, Cole & Bennett
1138 King Street - Suite 301
Christiansted
St. Croix, USVI 00820
  Attorney for Appellee LAMPE GMBH

James L. Hymes, III (Argued)
Hymes & Zebedee
10 Norre Gade - 3rd Floor
P.O. Box 990
Charlotte Amalie
St. Thomas, USVI 00804
  Attorney for Appellee ZUMRO INC.

———

OPINION OF THE COURT

———

STAPLETON, Circuit Judge:

I.

On April 21, 2001, Patrick Richards, an employee of a maintenance subcontractor at Hovensa, LLC's ("Hovensa") refinery on St. Croix, United States Virgin Islands, was seriously injured when struck by a sewer plug that had dislodged from a storm sewer line. Richards sued Hovensa and a Hovensa subcontractor, and the case was defended by

Hovensa's insurer, American International Insurance Company of Puerto Rico ("AIICO"). This suit was settled on March 14, 2003, by a settlement agreement that released all of Richards' "past, present or future claims" against the defendants, but expressly reserved and assigned to AIICO "all claims" that Richards might have against manufacturers or distributors of "all equipment that may have caused or contributed to his injuries." App. at 80. This reservation and assignment approach was chosen by AIICO "to preserve [its] options to pursue all or a portion of the settlement it was paying." Appellant's Br. at 6.[1]

On April 22, 2003, AIICO brought this diversity action against Lampe, GMBH ("Lampe") and Zumro, Inc. ("Zumro"), asserting subrogated, product liability claims as Hovensa's insurer. Four years later and shortly before the scheduled trial, on June 19, 2007, AIICO amended its complaint to assert claims for "indemnification or contribution." The amended complaint alleged that the "assignment of Patrick Richards' claims against . . . Lampe and Zumro precluded [him] from asserting any claims [against them] as AIICO controlled those claims." App. at 34.

---

[1]As AIICO's brief further explains:

> When drafting a release, lawyers retained by the insurer to defend an insured need to keep as many options open for the insurer as possible because the corporate decisions within the insurance company as to whether, and how, to attempt to recoup a settlement often are not made by the lawyer or claims adjuster negotiating the settlement.

Appellant's Br. at 14.

Lampe and Zumro moved for summary judgment asserting, *inter alia*, that AIICO could not satisfy all elements of its claims for contribution and indemnity because its settlement had not discharged their liability to Richards.  In response, AIICO insisted that it was entitled to recover because it had allowed the statute of limitations to run on Richards' assigned claims against Lampe and Zumro.  The District Court granted summary judgment for Lampe and Zumro.

II.

The District Court began its analysis be referencing our recent discussion regarding its task in determining the applicable law in diversity cases now that there is a Supreme Court of the Virgin Islands:

> Going forward, now that the Virgin Islands has established an insular appellate court and will begin developing indigenous jurisprudence, the District Court, when exercising jurisdiction over cases requiring the application of Virgin Islands law, will be required to predict how the Supreme Court of the Virgin Islands would decide an issue of territorial law, and should seek guidance from Superior Court decisions in undertaking this endeavor.  As noted above, however, the District Court will not be bound by Superior Court decisions. *See Houbigant, Inc. v. Federal Ins. Co.*, 374 F.3d 192, 199 (3d Cir. 2004) (district court sitting in diversity is not bound by state trial court rulings).

*Edwards v. Hovensa*, 497 F.3d 355, 361-62 (3d Cir. 2007).

Looking to a decision of the Superior Court of the Virgin Islands as a relevant "'datum' for ascertaining territorial law," the District Court first turned to 1 V.I.C. § 4, which provides as follows:

4

"[t]he rules of common law, as expressed in the restatements of law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

The District Court then predicted that the Supreme Court of the Virgin Islands, based on this statute, would find the controlling law in Sections 22, 23 and 24 of Restatement (Third) of Torts, which provide in relevant part (emphasis added):

§ 22. Indemnity

(a) When two or more persons are or may be liable for the same harm and one of them *discharges the liability of another in whole or in part by settlement or discharge of judgment*, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
....
(2) the indemnitee
(i) was not liable except vicariously for the tort of the indemnitor, or
(ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.

* * *

§ 23. Contribution

(a) When two or more persons are or may be liable for the same harm and one of them *discharges the liability of another by settlement or discharge of judgment*, the person discharging the liability is entitled to recover contribution from the other, unless the other previously had a valid settlement and release from the plaintiff.
(b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.
(c) A person who has a right of indemnity against another person

5

under § 22 does not have a right of contribution against that person and is not subject to liability for contribution to that person.

\* \* \*

§ 24.  Definition and Effect of Settlement

(a) A settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specified injuries or claims from some or all of the persons who might be liable for those injuries or claims.

(b) Persons released from liability by the terms of a settlement are relieved of further liability to the claimant for the injuries or claims covered by the agreement, but the agreement does not discharge any other person from liability.

The District Court concluded (1) that under this governing law "a condition for recovery of either indemnity or contribution is that the liability of the non-settling tortfeasor be discharged 'by settlement or judgment'" and (2) that the only settlement or judgment before it was a settlement that not only did not discharge Lampe and Zumro from liability to Richards but, indeed, expressly preserved and assigned to AIICO Richards' claims against them.  The Court held that the requirement of "a discharge by settlement" as used in the Restatement (Third) was not satisfied in the situation in which "a settling defendant with an assigned interest in the injured party's causes of action against non-settling tortfeasors, unilaterally allows the expiration of the statute of limitations on such causes of action."  App. at 7.

III.

As we have noted, the District Court looked for guidance to a decision of the

6

Superior Court of the Virgin Islands in a similar case involving the elements of indemnity and contribution claims under Virgin Islands law. It indicated that it found the reasoning of that case, *In re: Kelvin Manbodh Asbestos Litigation Series*, 2006 WL 1084317 (V.I. Super. Ct.), to be persuasive. The Superior Court there held that Sections 22-24 of the Restatement (Third) of Torts represented the law of the Virgin Islands because (a) for purposes of 1 V.I.C. § 4 there is no contrary "local law," and (b) those sections, unlike the corresponding sections of the Restatements (First) and (Second), accurately state the current, majority view of the common law in the United States.

While we too are impressed with the thoughtful and thorough opinion of the Superior Court, we have no occasion here to review its conclusion that 1 V.I.C. § 4, requires application of Sections 22-24 of the Restatement (Third) to claims for contribution or indemnity.[2] AIICO accepts that those Sections of the Restatement (Third) state the controlling law of the Virgin Islands. It insists, however, that the District Court misapplied that law.

IV.

AIICO correctly insists that the purpose of the indemnity and contribution rules set

---

[2]As the Superior Court jurisprudence demonstrates, there are a number of areas regarding the construction of 1 V.I.C. § 4 that are still open for debate. For a thorough and insightful review of this jurisprudence, see the earliest opinion of the Superior Court in the *Manbodh* litigation, 2005 WL 3487838 (2005) (applying 1 V.I.C. § 4 in the context of failure to warn causes of action predicated on both negligence and strict liability and the sophisticated intermediary defense).

forth in the Restatement (Third) is to avoid one party having to shoulder all financial responsibility for a negligent act if another's tortious act caused or contributed to the injury. AIICO also correctly insists that the purpose of the "discharge by settlement or judgment" requirement is to accomplish this primary objective while assuring that the party required to shoulder that burden will not have "to pay twice for the same injury." Appellant's Br. at 8. AIICO then concludes that, because the Restatement is a statement of common law principles and not a statute,[3] any situation which ultimately results in the injured party being unable to sue the indemnitor or contributor is a "discharge by settlement or judgment."[4] We are not persuaded that the Supreme Court of the Virgin

---

[3]AIICO argues that it is inappropriate to treat the Restatement as a statute and that strictly adhering to the plain meaning of the language is akin to legislative construction and is unduly restrictive. In AIICO's view, it is the purpose of the provision that should be paramount. We do not disagree either with the obvious point that the Restatement is not a statute or with the idea that policy purposes of the Restatement should be vindicated in judicial decisions. We do disagree, however, that looking at the plain language of the Restatement is at odds with its sound application as a body of common law rules. As more fully described herein, certainty and finality are important purposes of the provision in question and are far better served by applying the provision according to its terms. Finally, as to AIICO's additional argument that differences between the Restatement (Second) and the Restatement (Third) on this point work an injustice here because they amount, in essence, to an *ex post facto* application of a new law, we refer AIICO to its own accurate assertion that we are dealing with common law developments, not statutory enactments. The Restatement (Third) was published in 1999 and highlighted for the public the evolving view of the requirements for indemnification and contribution. We perceive no unfairness in applying that common law to AIICO.

[4]In its summary judgment brief before the District Court, AIICO, for example, adopted an alternative approach to satisfying the discharge by settlement requirement:

> To the extent that the defendants are not satisfied that the assignment itself
> did not protect them, AIICO, as assignee of Patrick Richards, expressly and

8

Islands would interpret "discharge by settlement or judgment" in this manner.

Since 1999, the Restatement (Third) has clearly and unambiguously required a "discharge by settlement or judgment," and we predict that the Virgin Islands Supreme Court will give the Restatement its plain meaning. AIICO's reading of Sections 22 through 24 effectively removes the concept of a "discharge by settlement or judgment" altogether from the text of the Restatement. We would be reluctant to predict that the Virgin Islands Supreme Court would accept the invitation to so alter the text even if we were persuaded that that concept served no purpose beyond precluding double liability. But, in any event, we are not so persuaded. The linkage of the required discharge with the act of settlement or the entry of judgment and, accordingly, with a writing that effects the relevant discharge by operation of law achieves a clarity and certainty that would otherwise be lacking. Lampe's and Zumro's liability to Richards, for example, was not extinguished at the time of the settlement; those claims remained viable until whatever point in time AIICO ultimately decided it was not in its own best interest to press them. In addition to this temporal uncertainty, accepting AIICO's invitation to amend the Restatement would predictably lead to additional litigation between tortfeasors over which extinguishments or cessations of liability are sufficient to qualify a tortfeasor for

---

without reservation waives and discharges any claims that Patrick Richards has or had against either Lampe or Zumro.

Appellant's Br. at 23.

indemnity or contribution.

Contrary to AIICO's suggestion, we do not view Comment b to Section 22 as rendering "discharge by settlement or judgment" fortuitous surplusage. That Comment reads in relevant part:

> [A]n indemnitee must extinguish the liability of the indemnitor to collect indemnity. The indemnitee may do so either by a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfaction of judgment that by operation of law discharges the indemnitor from liability. See § 16, Comment d (discharge of another tortfeasor's liability when both tortfeasors are treated as a single party and one settles). . . .

While this Comment does contemplate the sufficiency of a settlement agreement that extinguishes the liability of the indemnitor "by application of law" as well as "by its terms," its purpose is not to sever the connection between the required discharge and a settlement agreement. Its purpose, as indicated by the citation, is to address situations where two parties are regarded as one under the Restatement, as for example where an employer is vicariously liable for the tort of an employee and the two are treated as one. *See* Section 7, Comment j; Section 16d, Comment d. We find Comment b entirely consistent with the insistence of Section 22 that there be a settlement agreement or judgment that effects the discharge by operation of law.

V.

We will affirm the judgment of the District Court.

10